IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs November 23, 2010

### STATE OF TENNESSEE v. KARIM EL-AMIN

**Direct Appeal from the Criminal Court for Washington County**
**No. 35212    Lynn W. Brown, Judge**

---

**No. E2010-01389-CCA-R3-CD - Filed February 25, 2011**

---

The appellant, Karim El-Amin, pled guilty in the Washington County Criminal Court to two counts of fraudulent use of a credit card involving a value more than five hundred dollars but less than one thousand dollars, a Class E felony, and one count of fraudulent use of a credit card involving a value equal to or less than five hundred dollars, a Class A misdemeanor. Pursuant to the plea agreement, the appellant was to receive an effective four-year sentence with the manner of service to be determined by the trial court. On appeal, the appellant challenges the trial court's denial of his request of alternative sentencing. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and D. KELLY THOMAS, JR., JJ., joined.

William Francisco, Johnson City, Tennessee, for the appellant, Karim El-Amin.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Cristel D. Ledford, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

We glean the following facts from the guilty plea hearing transcript: The appellant found a credit card outside of a Regions Bank and used the card several times at Walmart and Kmart over a two-day period in March 2009. He charged a total of thirteen hundred dollars

on the credit card, and two purchases totaled more than five hundred dollars each. The merchandise was returned to the stores, and the victim was reimbursed.

A Washington County Criminal Court jury indicted the appellant for two counts of fraudulent use of a credit card involving a value more than five hundred dollars but less than one thousand dollars, a Class E felony; one count of fraudulent use of a credit card involving a value equal to or less than five hundred dollars, a Class A misdemeanor; and one count of identity theft, a Class D felony. On May 25, 2010, the appellant plead guilty to the first three offenses, and the charge for identity theft was dismissed. Pursuant to the plea agreement, the appellant received concurrent sentences of four years for each felony conviction and eleven months, twenty-nine days for the misdemeanor conviction. The trial court was to determine the manner of service of the effective four-year sentence.

During the appellant's combined guilty plea and sentencing hearing, his attorney notified the trial court that the appellant currently was serving a sentence in the Tennessee Department of Correction for a prior conviction. The appellant said he was serving a fifteen-month sentence that was scheduled to expire in November 2011. Counsel informed the court that the appellant recently had established benefits from Veterans Affairs (VA) and, therefore, "can do it now." On that note, the appellant stated the that the VA recently had paid him $308,000 and that "[t]his is the first time since I come back from Nam that I've had financial stability. . . . The likelihood of me coming back is null."

The appellant's attorney argued that he should be placed on probation. The trial court noted that the appellant had numerous prior convictions, including felony convictions, and that his prior probation sentences had been revoked several times. The State informed the trial court that it was opposed to probation but that the Residential Substance Abuse Treatment (RSAT) program may be appropriate. The trial court asked the appellant if he wanted to participate in the RSAT program, and the appellant said, "I have programs at TDOC that I'm enrolled in now that I would like to complete, so, I'd rather just serve the sentence." The trial court ordered the appellant to serve his sentence in confinement.

The appellant's presentence report is in the record but provides very little information about the appellant other than his criminal history. According to a questionnaire filled out by the appellant and attached to his presentence report, the then fifty-nine-year-old appellant was divorced and stopped attending school in 1966 to enter the military. The appellant reported that he served in the United States Army from 1966 to 1969 and was honorably discharged. The appellant claimed he obtained his GED in 1980 and attended one year of college at Tennessee State University. According to the questionnaire, the appellant used heroine and cocaine previously and participated in a drug treatment program. In the questionnaire, the appellant reported that he had been employed by Tennessee Wheel and

Rubber as a lay operator from about 1972 to 1979; the Clark County School System as a bus driver from about 1986 to 1989; the VA Hospital as a Laboratory Technician from 1991 to 1996; a shipping and receiving company from about 1998 to 2002; and Just Quick Auto as a seasonal worker from March 2002 to June 2004. According to a letter to the appellant from the Department of Veterans Affairs, the appellant receives disability benefits for bilateral hearing loss, tinnitus, post traumatic stress disorder, and multiple shell fragment wounds.

The presentence report shows that the appellant has an extensive criminal history that began in 1974 when he was convicted of attempted possession of a weapon and received a five-year probation sentence. The appellant has been convicted of numerous felony offenses since that time, including forgery, criminal simulation, evading arrest, burglary of an automobile, passing a bad check for more than one thousand dollars, and attempted burglary. He also has several misdemeanor convictions, including convictions for driving on a revoked license, trespassing, criminal impersonation, misdemeanor theft, and attempted forgery. The report shows that he has absconded previously and has had prior probation sentences revoked at least four times.

## II.  Analysis

The appellant argues that the trial court should have granted his request for alternative sentencing. The State contends that the trial court properly denied alternative sentencing in this case because of the appellant's extensive criminal history, the fact that measures less restrictive than confinement have been unsuccessful previously, and the appellant lacks potential for rehabilitation. We conclude that alternative sentencing is not appropriate in this case.

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting a de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances,

this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). Generally, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

Initially, we note that the appellant was sentenced for the felonies as a Range III, persistent offender; therefore, he is not considered a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). Nevertheless, because his sentence is less than ten years, he is still eligible for alternative sentencing.

The record reflects that the trial court denied the appellant's request for probation based upon his extensive criminal history and his having prior probation sentences revoked previously. The trial court read aloud through the appellant's prior convictions and his prior probation revocations. The trial court agreed with the State that the RSAT program could be appropriate for the appellant, but the appellant said he was not interested in the program and maintained that he could complete probation successfully. The trial court stated that

"time after time after time he's -- he's had probation and parole and he can't make it and somehow now he's going to make it?" Obviously, the court believed the appellant possessed little potential for rehabilitation. We agree. Given the appellant's prior criminal record and his history of probation revocations, a sentence alternative to confinement is not appropriate in this case.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____

NORMA McGEE OGLE, JUDGE